**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-5230**

---

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ANDRE VAUGHN WHITE, a/k/a LayLow,

            Defendant – Appellant.

---

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge.  (1:09-cr-00052-IMK-JSK-1)

---

Submitted:  June 21, 2011            Decided:  June 29, 2011

---

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

---

Kumaraswamy Sivakumaran, STERLING LEGAL SERVICES, PLLC, Weston,
West Virginia, for Appellant.   Shawn Angus Morgan, Assistant
United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Vaughn White appeals from his conviction and ninety-seven month sentence entered pursuant to his guilty plea to one count of possessing with the intent to distribute five grams or more of cocaine base and less than one hundred grams of heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), (C) (West 1999 & Supp. 2011). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether White knowingly and intelligently pleaded guilty, and whether the court erred in sentencing White to ninety-seven months' imprisonment. The Government filed a motion to dismiss the appeal on the basis of the appellate waiver contained in White's plea agreement. White filed a pro se supplemental appeal, arguing that the Government breached the plea agreement and the district court erred in failing to address White's objections to the Presentence Investigation Report ("PSR").

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that White knowingly and intelligently waived his right to appeal "any sentence imposed using a base offense level of 37 or higher." Because we conclude that the waiver is valid and enforceable as to White's

2

challenges to his sentence, we grant the Government's motion to dismiss in part and dismiss White's appeal of his sentence.

The language of White's waiver does not encompass his challenge to the validity of his guilty plea. Therefore, we deny the motion to dismiss as to this claim. However, our review convinces us that the claim lacks substantive merit. Prior to accepting a guilty plea, a trial court must inform the defendant of the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various right he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Our review of the record reveals that the district court fully complied with the requirements of Rule 11, and we conclude that White's guilty plea was knowing and voluntary. Further, we find no merit to White's pro se claims.

In accordance with Anders, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. We accordingly affirm White's conviction and dismiss the appeal of his sentence. This court requires that

3

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4